The Honorable Claud Cash State Representative Rt. 2, Box 45 Trumann, Arkansas 72472
Dear Representative Cash:
This is in response to your request, on behalf of an alderman in the City of Trumann, for an opinion on the following two questions:
 1. According to Article 12, Section 5 of the State Constitution, can city funds of a First Class city be used to pay the salary of the Executive Director of the Chamber of Commerce?
 2. Can city funds of a First Class city be used to pay membership dues to a Country Club for any elected official?
It is my opinion, generally, that the answer to your first question is "no." Cities may not make outright grants of funds to nonprofit entities such as the Chamber of Commerce. This would be violative of Arkansas Constitution, art. 12, 5. See Op. Att'y Gen. 92-099 (copy enclosed). See also, however, A.C.A. 14-173-101
to -105 (Cum. Supp. 1993) (authorizing such grants), and Op. Att'y Gen. 90-279 (copy enclosed) (opining that this act is constitutionally suspect). Thus, if your question refers to a grant of city funds to the Chamber of Commerce, which then uses the funds to pay its director's salary, the answer to your first question is "no." Of course cities are authorized to contract with chambers of commerce, however, for actual services received. See generally Ops. Att'y Gen. 89-061, and 91-258 (copies enclosed). See also A.C.A. 26-75-606(c)(3) (Cum. Supp. 1993), with regard to contracting with "hamburger tax" revenues.
It is my opinion that the answer to your second question is "no." As a general matter, expenditures of city funds must be for "public purposes." See generally Arkansas Constitution, art. 12,5; art. 16, 13; A.C.A. 14-58-303 (1987) and Op. Att'y Gen. 91-410
(discussing the broad "public purposes doctrine" which generally holds that "[n]o expenditure can be allowed legally except in a clear case where it appears that the welfare of the community and its inhabitants is involved and direct benefit results to the public," citing McQuillin, Municipal Corporations, 12, 190). In my opinion the payment of country club dues for elected officials is not a "clear case" under this test.
In addition, it was concluded in Op. Att'y Gen. 92-099, supra, that a city's payment of dues to the local chamber of commerce on behalf of individual city officials was constitutionally suspect unless it could be shown that the expenditure was in furtherance of the discharge of a duty pertaining to the office. It is my opinion that the payment of country club dues on behalf of elected city officials is similarly suspect, as in my opinion it is difficult to conclude that such membership and dues are related to the discharge of official duties.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh